IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MAILEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0869 |
| | : | |
| TEMPLE UNIVERSITY | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Michael Mailey brings this action against Temple University, asserting claims related to a May 2023 data breach.  Mailey seeks to proceed *in forma pauperis*.  For the following reasons, Mailey's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) will be granted, and his Complaint (ECF No. 2) will be dismissed without prejudice for lack of subject-matter jurisdiction.

### I. FACTUAL ALLEGATIONS

Mailey's allegations are brief.  He uses a Pennsylvania state court form complaint and alleges that he received a September 18, 2023, letter in the mail "from [a] secure processing center."  The letter revealed that there was a data breach in May of 2023 "by unknown people" who "stole medical records [and] social security number[s]."  Mailey alleges that the data breach caused him "emotional distress."  He seeks $13,000 in damages from the "data owners," by which, the Court infers, he means Temple.

### II. STANDARD OF REVIEW

Leave to proceed *in forma pauperis* will be granted to Mailey because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to

state a claim, or seeks monetary relief from an immune defendant.  The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  See *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  As Mailey is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Federal courts may only hear cases over which they have subject matter jurisdiction.  Federal courts have subject matter jurisdiction in two types of cases:  federal question cases and diversity cases.  Mailey seeks money damages but does not state whether he invokes the Court's federal question jurisdiction or diversity jurisdiction.  As noted above, it is Mailey's burden to establish that this Court has subject-matter jurisdiction.  See *Lincoln Ben. Life Co.*, 800 F.3d at 105; see also *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) ("[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983))).  Based on the allegations pleaded, the Court is unable to discern a

plausible basis for subject-matter jurisdiction—either federal-question or diversity—over Mailey's Complaint.

Federal-question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Mailey asserts in his Complaint that Temple, as a "data owner," is liable for "breach of privacy" after a May 2023 data breach.  These allegations sound in state-law tort and breach-of-contract principles and not federal statutory or constitutional law.  The Court is unable to discern any plausible basis for a federal claim from the facts alleged.  Thus, Mailey has not sufficiently alleged that the Court has federal-question jurisdiction.

Mailey has also not established the Court's diversity jurisdiction over his Complaint.  Diversity jurisdiction exists in civil actions between citizens of different states where the amount in controversy exceeds $ 75,000.  28 U.S.C. § 1332.  Complete diversity is required: "[E]very plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011).  Temple University, as a non-profit corporation, is a citizen of both its state of incorporation and principal place of business*. See SodexoMAGIC, LLC v. Drexel Univ*., 24 F.4th 183, 202 (3d Cir. 2022*); see also Hutton v. Temple Univ*., 703 F. Supp. 391, 392 (E.D. Pa. 1989) ("Temple University is considered to be a citizen of Pennsylvania.").  Although Mailey does not allege his citizenship, he lists a Pennsylvania address for himself.  As Temple is a citizen of Pennsylvania, it appears that diversity jurisdiction is also lacking over this action.  In any case, even if Mailey and Temple were diverse, the Court would still lack jurisdiction because the amount of damages sought ($13,000) is significantly less than the jurisdictional amount

above which this Court may exercise diversity jurisdiction ($75,000). Accordingly, the Court lacks subject-matter jurisdiction over this case.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Mailey leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject-matter jurisdiction.[1]  A final Order follows.

> **BY THE COURT:**
>
> **/S/WENDY BEETLESTONE, J.**
> _____
> **WENDY BEETLESTONE, J.**

---

[1] Nothing in this Memorandum affects Mailey's rights to pursue his claims in state court should he seek to refile his claims there.